IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|                           |   |                          |
|---------------------------|---|--------------------------|
|                           | * |                          |
| HAAK MOTORS LLC, *et al.*,|   |                          |
|                           | * |                          |
|     Plaintiffs,           |   |                          |
|                           | * |                          |
|        v.                 |   | CIVIL NO.: WDQ-09-1887   |
|                           | * |                          |
| ROBERT L. ARANGIO, SR.,   |   |                          |
| *et al.*,                 |   |                          |
|                           | * |                          |
|     Defendants.           |   |                          |
|                           | * |                          |

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Haak Motors LLC, Seahawk LLC, and Lloyd Haak sued Robert L.
Arangio, Sr., Robert L. Arangio, Jr., and Arangio & George LLP
for legal malpractice and other claims in the Circuit Court for
Queen Anne's County, Maryland.  The Defendants removed to this
Court on the basis of diversity.  For the following reasons, the
Plaintiffs' motion to remand will be denied.

I.  Background

This case involves the attempted sale of Haak Motors ("the
dealership"), which was a Chrysler dealership in Chestertown,
Maryland until July 2008.  Amend. Compl. ¶¶ 1, 4, 12.  Lloyd Haak
was the dealership's managing member and principal owner.  *Id.* ¶
3.  The dealership leased its location from Seahawk, which Haak
also owned. *Id.* ¶ 3.  In April 2008, Haak agreed to sell the
dealership and the property to William Ackridge.  *Id.* ¶ 12.

1

Ackridge was to pay the $4,031,665.84 purchase price in three wire transfers before the July 24, 2008 closing. *Id*. ¶ 18, Exs. B & G. The Plaintiffs retained Robert L. Arangio, Sr., Esq. and Arangio & George, LLP, a Philadelphia law firm,[1] to provide legal services for the sale. *Id*. ¶ 13 & Ex. B. The firm prepared the closing documents. *Id*.

At the closing, the Plaintiffs transferred the dealership and property to Ackridge. *Id*. Arangio & George sent the closing documents and a letter terminating the dealership's franchise agreement to Chrysler, which terminated the franchise. *Id*.

---

[1] The Notice of Removal alleges jurisdiction based on diversity and states that Haak Motors and Seahawk are Maryland limited liability companies with their principal places of business in Maryland. Not. of Removal ¶¶ 7, 9; Amend. Compl. ¶¶ 1, 2. Lloyd Haak is a citizen of Maryland. Not. of Removal ¶ 9; Amend Compl. ¶ 3. Defendants Arangio, Sr. and Arangio, Jr. are citizens of Pennsylvania. Not. of Removal ¶¶ 10, 11. Arangio & George, LLP is a Pennsylvania limited liability partnership with its principal place of business in Pennsylvania. Not. of Removal ¶ 12.

Unlike corporations--whose citizenship is determined by state of incorporation and principal place of business--limited liability companies ("LLCs") and limited liability partnerships ("LLPs") are assigned the citizenship of their partners or members. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *Gen. Tech. Applications, Inc. v. Exro Ltd.*, 388 F.3d 114, 120 (4th Cir. 2004); *JBG/JER Shady Grove, LLC v. Eastman Kodak Co.*, 127 F. Supp. 2d 700, 701 (D. Md. 2001).

Because subject matter jurisdiction is uncontested, the Court will assume that the parties have done the appropriate investigation and determined that there is complete diversity among members of Haak Motors and Seahawk, and the partners of Arangio & George, LLP.

The Plaintiffs later learned that Ackridge had made only one wire transfer for $1,295,840.02.  *Id*.  They sued Ackridge in the Circuit Court for Queen Anne's County and recovered the remainder of the purchase price and damages.[2]  *Id*.  On May 22, 2009, the Plaintiffs sued the Defendants for legal malpractice, alleging that the Defendants were negligent and in breach of contract because they failed to confirm receipt of the purchase price before conducting the closing and sending the termination letter to Chrysler.  Paper No. 2.  On June 3, 2009 the Plaintiffs amended their complaint.  Paper No. 4.  On July 16, 2009, the Defendants answered. Paper No. 7.  On July 17, 2009, the Defendants removed to this Court.  Paper No. 1.  On August 17, 2009, the Plaintiffs moved to remand the case to Queen Anne's County.  Paper No. 16.

II.  Analysis

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing where such action is pending."  To remove a case, the defendant must file a notice of removal in the district

---

[2] Notwithstanding the Plaintiffs' recovery of damages, the Court will also assume--because it has not been contested--that this suit also meets the amount in controversy requirement for diversity jurisdiction.

court within 30 days after receiving the initial pleading.  28
U.S.C. § 1446(a)-(b) (2006).  The plaintiff may move to remand
for lack of subject matter jurisdiction at any time.[3]  *See* 28
U.S.C. § 1447(c) (2006).  A motion to remand on other grounds
must be filed within 30 days of the notice of removal.  *Id*.

The Plaintiffs argue that remand is proper because the
Defendants waived their right to remove by taking substantial
defensive action in state court.  They also argue that the Court
should abstain from hearing the case.

A.   Waiver of the Right to Remove

A defendant may waive the right to remove by taking
"substantial defensive action in state court before petitioning
for removal."  *Aqualon Co. v. Mac Equip., Inc*., 149 F.3d 262, 264
(4th Cir. 1998).  The defensive action must demonstrate a "clear
and unequivocal intent to remain in state court."  *Id*. (*citing*
*Grubb v. Donegal Mut. Ins. Co*., 935 F.2d 57, 59 (4th Cir. 1991)).
Waiver is found only in "extreme situations." *Id*.

The Plaintiffs argue that the Defendants took substantial
defensive action in state court by filing a general denial and
affirmative defenses.  Answering before removal is not waiver.
*Champion Brick Co. v. Signode Corp*., 37 F.R.D. 2, 4 (D. Md.

---

[3] See *supra* footnotes 1 and 2.

4

1965); *see also* Fed. R. Civ. P. 81(c).[4]  This is so even if the answer is a general denial, *see Champion Brick*, 37 F.R.D. at 4, or contains affirmative defenses, *see Sayre Enters. v. Allstate Ins. Co.*, 448 F. Supp. 2d 733, 736 (W.D. Va. 2006).[5]

The Plaintiffs also argue that the Defendants' reservation of the right to amend their answer to "add additional defenses to conform to such facts as . . . may be revealed in discovery" demonstrates a "clear and unequivocal intent" to remain in state court.  The Defendants' reservation of the right to amend was not limited to amendment in state court.  The reservation did not demonstrate the clear intent to remain in state court that is required for waiver.

---

[4] Rule 81(c), which states the pleading requirements for removed actions, contemplates answers before removal.  Under Rule 81(c), "[a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within [the time specified in the Rule]."

[5] The Plaintiffs argue that under *Champion Brick* an answer that "contest[ed] the case as a whole" would be a waiver.  Pl.'s Mot. to Remand 8.  *Champion Brick* explained that although "some of the cases [decided before the enactment of 28 U.S.C. § 1446] held that a defendant could waive his right to remove . . . [by] contesting the case as a whole . . ., recent decisions ha[d] generally held that the right of removal is not waived by proceedings in state court, and Rule 81(c) . . . clearly implies that if a removal petition is timely, the right of removal is not lost by the defendant's answering in the state court prior to filing a petition for removal in the federal court."  *Champion Brick*, 37 F.R.D. at 2-3.  The court followed those cases and Rule 81(c) and held that "filing a general issue plea before timely removal does not waive the right to remove."  *Id*. at 4.

B.   Abstention

The Plaintiffs contend that under the abstention doctrines of *Burford v. Sun Oil Company*, 319 U.S. 315 (1943)[6], and *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976)[7], the Court should abstain from exercising jurisdiction.

"Abstention doctrines constitute extraordinary and narrow exceptions to a federal court's duty to exercise the jurisdiction conferred on it." *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007) (*quoting Quackenbush v. Allstate Ins. Co*., 517 U.S. 706, 728 (1996)) (internal quotation marks omitted).  Abstention is not a "license for free-form *ad hoc* judicial balancing of the

---

[6] The *Burford* doctrine applies when federal adjudication would "interfere with proceedings or orders of *state administrative agencies* (1) when there are difficult questions of state law . . . whose importance transcends the result in the case then at bar; or (2) whe[n] . . . federal review . . . would [disrupt] state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 361 (1989) (emphasis added).

[7] Under the *Colorado River* doctrine, "federal courts may abstain from exercising their jurisdiction in the exceptional circum-stances when a federal case duplicates contemporaneous state proceedings and wise judicial administration . . . clearly favors abstention." *Vulcan Chem. Techs. V. Barker*, 297 F.3d 332, 340 (4th Cir. 2002).  "The threshold question in deciding whether *Colorado River* abstention is appropriate is whether there are parallel federal and state suits." *Great American Ins. Co. v. Gross*, 468 F.3d 199, 207 (4th Cir. 2006).  "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* (*quoting Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 464 (4th Cir. 2005).

totality of state and federal interests in a case." *Id*. at 364. Rather, the Courts must consider whether a specific abstention doctrine applies. *Id*.

This case does not involve the proceedings or orders of a Maryland administrative agency. The Plaintiffs allege common law tort and contract claims that will require the application of well-settled law. Thus, the *Burford* doctrine is inapplicable.

The Plaintiffs argue that *Colorado River* abstention is appropriate because there are several cases pending in state court that arose from the attempt to sell the dealership.[8] None of these cases involves the Defendants; nor does any appear to involve the legal malpractice claim central to this case.

The Plaintiffs also contend that this case is parallel to the case filed in Queen Anne's County and involves the same parties and issues. *Colorado River* abstention is only appropriate when a "federal case duplicates *contemporaneous* state proceedings." *Barker*, 297 F.3d at 340. (emphasis added). When the Defendants removed to this Court, the state proceeding ended; there is no contemporaneous state case involving these parties. The *Colorado River* doctrine is inapplicable.

The Plaintiffs also argue that the Court should abstain on

---

[8] These are: *DaimlerChrysler Fin. Servs. Americas, LLC v. Ackridge Automotive Group*, No. 17-C-08013630; *Haak Motors, LLC v. DaimlerChrysler Fin. Servs. Americas, LLC*, No. 17-C-09013965; and *Clare Realty Co. v. Seahawk, LLC*, No. 14-C-09007858.

7

fairness, comity, convenience, and efficiency grounds.  These arguments rely on no established abstention doctrine but urge the Court to engage in the "free form balancing of the totality of state and federal interests in a case" that the Fourth Circuit has condemned.  *See Martin v. Stewart*, 499 F.3d 360, 364 (4th Cir. 2007).  "[F]ederal courts are bound by a virtually unflagging obligation . . . to exercise the jurisdiction given them."  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  The Plaintiffs have not demonstrated the propriety of abstention.

III. Conclusion

For the reasons stated above, the motion to remand will be denied.


November 18, 2009
Date

_____/s/_____
William D. Quarles, Jr.
United States District Judge