IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

HAAK MOTORS, LLC, *et al.*,

    Plaintiffs,

       v.                      CIVIL NO.: WDQ-09-1887

ROBERT L. ARANGIO, SR.,
*et al.*,

    Defendants.

MEMORANDUM OPINION

Haak Motors, LLC, Seahawk, LLC, and Lloyd Haak ("the Plaintiffs") sued Robert L. Arangio, Sr., Robert L. Arangio, Jr., and Arangio & George, LLP ("the Defendants") for legal malpractice and other claims. For the following reasons, the Defendants' motion for leave to file a third-party complaint will be denied.

I. Background[1]

Lloyd Haak was the owner and managing member of Haak Motors, LLC, a Chestertown, Maryland Chrysler dealership. Amend. Compl. ¶¶ 1, 3-4. In April 2008, Haak agreed to sell the dealership to William Ackridge for $4,031,665.84. *Id.* ¶ 12, 18.

---

[1] The facts are from the Plaintiffs' First Amended Complaint. Paper No. 4.

Ackridge was to provide the purchase price in three wire transfers before the July 24, 2008 closing. *Id.* ¶ 18. One of the wire transfers was to be payable to Wilmington Trust Company ("Wilmington") in the amount of $1,295,840.02. *Id.* ¶ 19.

The Plaintiffs retained Robert L. Arangio, Sr., of the Philadelphia law firm Arangio & George, LLP, to provide legal services for the sale. *Id.* ¶ 13. At the closing, the Plaintiffs transferred the dealership to Ackridge. *Id.* ¶ 25. Arangio & George then sent the closing documents and a letter terminating the dealership's franchise agreement to Chrysler, thereby terminating Haak's franchise. Amend. Compl. ¶ 25. Arangio & George never confirmed receipt of the wire transfers by the Plaintiff's bank, and Ackridge never transferred the full purchase price. *Id.* ¶¶ 21-22, 25.

A representative of Wilmington was present at the closing and viewed the wire transfer numbers. Defs.' Mot. 2. The representative did not tell the parties that the numbers were invalid. *Id.* At the closing, Wilmington was "attorney-in-fact" for the Plaintiffs to effectuate the sale and terminate the dealership because the Plaintiffs had defaulted on several loans from Wilmington. Defs.' Mem. Supp. 1-2.

The Plaintiffs sued Ackridge in the Circuit Court for Queen Anne's County, Maryland and recovered the remainder of the purchase price and damages. Amend. Compl. ¶¶ 27-28. Because

they were unsuccessful in reinstating their franchise agreement with Chrysler, the Plaintiffs also sued the Defendants in the Circuit Court for Queen Anne's County. On July 17, 2009, the Defendants removed the action to this Court. Paper No. 1.

On April 1, 2010, during the deposition of Lloyd Haak, the Defendants learned that the Plaintiffs had released Wilmington from all claims arising out of the closing. Defs.' Mem. Supp. 2-4. On August 4, 2010, the Defendants filed their motion for leave to file a third-party complaint to join Wilmington as a third-party defendant and joint tortfeasor. Paper No. 38.

II. Analysis

    A. Standard of Review

A defendant may implead a third-party who "may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A defendant may freely serve a summons and complaint on a third-party within 10 days after serving the original answer; thereafter, the defendant must notify all parties and seek leave to implead a third-party. *Id.*

Rule 14 is "liberally construed" to permit impleader in the interest of judicial economy, but joinder of third-parties is not automatic. *Baltimore & O.R. Co. v. Saunders*, 159 F.2d 481, 484 (4th Cir. 1947); *M.O.C.H.A. Society, Inc. v. City of Buffalo*, 272 F. Supp. 2d 217, 220 (W.D.N.Y. 2003). The Court has broad discretion to deny or dismiss third-party complaints.

*See Noland Co. v. Graver Tank & Mfg. Co.,* 301 F.2d 43, 50 (4th Cir. 1962).

Impleader should be denied if joining the third-party would unduly complicate the original suit, introduce unrelated issues, or if the third-party complaint is obviously unmeritorious. *Commodity Futures Trading Comm'n v. Calvary Currencies, LLC,* 2005 WL 263902, at *2 (D. Md. Feb. 2, 2005).

B. The Defendants' Motion To Implead Wilmington

The Defendants argue that Wilmington should be impled because it is a joint tortfeasor, and the Defendants may be entitled to setoff of any judgment against them based on the Plaintiffs' release of claims against Wilmington. Defs.' Mem. Supp. 1-2. The Defendants do not seek contribution from Wilmington.

Under the Maryland Uniform Contribution Among Joint Tortfeasors Act ("UCAJA"), "[a] release by the injured person of one joint tort-feasor . . . reduces the claim against the other tort-feasors in the amount of consideration paid for the release." Md. Code Ann. § 3-1404.[2] The party seeking a reduction must prove the joint tortfeasor status of the settling

---

[2] The UCAJA governs legal malpractice claims. *Montgomery County v. Jaffe, Raitt, Heuer & Weiss, P.C.,* 897 F. Supp. 233, 237 (D. Md. 1995).

party.  *Hashmi v. Bennett,* 188 Md. App. 434, 443, 982 A.2d 818 (Md. Ct. Spec. App. 2009).

When the settling party is "neither directly involved in the action nor admittedly a joint tortfeasor" they are "not considered a joint tortfeasor merely because [they] have enter[ed] a settlement."  *Scapa Dryer Fabrics, Inc. v. Saville,* 190 Md. App. 331, 352, 988 A.2d 1059 (Md. Ct. Spec. App. 2010). Rather, a judicial determination of joint tortfeasor status is required.  *See Jacobs v. Flynn,* 131 Md. App. 342, 373, 749 A.2d 174 (Md. Ct. Spec. App. 2000).

The determination of joint tortfeasor status does not require the settling party to be joined in the action.  *See Montgomery County v. Jaffe, Raitt, Heuer & Weiss, P.C.,* 897 F. Supp. 233, 239 (D. Md. 1995)("the real parties in interest are the plaintiff and the non-settling tortfeasor; the settling tortfeasor has become merely incidental to that suit").  Thus, impleading Wilmington is not necessary for the Defendants to obtain a setoff, and the Defendants seek no other relief from Wilmington.

Impleader must be denied when a defendant "offers no possible explanation of how or why [a third-party] could be liable" to him.  *Consolidated Rail Corp. v. Friedman,* 758 F. Supp. 128, 130-31 (S.D.N.Y. 1990); *see also* Fed. R. Civ. Proc. 14(a)("A defending party may . . . [implead] a non-party who is

5

or may be liable to it"). Accordingly, the Defendants' motion for leave to file a third-party complaint will be denied.

III. Conclusion

For the reasons stated above, the Defendants' motion for leave to file a third-party complaint will be denied.

October 18, 2010                 _____/s/ _____
Date                                William D. Quarles, Jr.
                                         United States District Judge